## City of Newport v. The Municipal Light Company.

(Decided April 17, 1912.)

### Appeal from Campbell Circuit Court.

1.    Corporations—Forfeiture of Franchise.—Where a lighting company had a franchise to furnish a city and its inhabitants with

gas, and was, not to furnish gas to persons outside of the city, the franchise will not be forfeited for misuser upon the general and vague allegation that the corporation has been furnishing gas to unnamed persons residing outside of the city, without specifying any definite acts of misuser.

2. Pleading—Right to Sue—Party in Interest.—Where a gas company made a contract with a city to furnish gas to the city and its inhabitants at a certain price, and the gas company overcharged the gas consumer, the right to recover the overcharge is in the gas consumer and not in the city.

3. Corporations—Forfeiture of Franchise.—Where a corporation had a franchise to furnish artificial gas to a city and its inhabitants, and the city subsequently passed an ordinance for the sale of a franchise to furnish natural gas to the city and its inhabitants, and provided therein that the purchaser of the natural gas franchise might make a contract with the old company to use its pipes and mains in distributing the natural gas under the new franchise, and that such a use of the mains and pipes should not operate as a forfeiture of its charter for non-user, the action of the city is a waiver of the original franchise provisions that required the corporation to furnish artificial gas.

C. T. BAKER for appellant.

M. HEROLD for appellee.

OPINION OF THE COURT BY JUDGE MILLER—Affirming.

In 1905 the appellee acquired a franchise from the appellant to furnish appellant and its residents with artificial gas for a period of twenty years, at seventy cents net per one thousand cubic feet, for all purposes. Section "T" of the ordinance under which the franchise was obtained provides as follows:

"No gas shall be furnished under the franchise granted under this ordinance to any person or persons, corporation or corporations, private or municipal, outside of the city of Newport."

On April 16, 1910, the appellant instituted this action in equity, against the appellee, for the purpose: (1) of forfeiting the appellee's franchise, upon the ground that it had, ever since it acquired said franchise, been furnishing artificial gas to persons and municipal corporations outside of the city of Newport, in violation of section "T" of the ordinance above quoted; and, (2) to recover money which it alleged appellee had charged and received from consumers of gas in excess of the amount actually consumed. The petition alleged that the names and numbers of the consumers of gas who were required

to pay for said excess were unknown to plaintiff, and numerous; that it was impracticable to bring all of them before the court; and for that reason the city prosecuted the action in behalf of all of said persons so situated, and called upon the defendant to disclose their names, and the excessive amount that had been so paid.

The plaintiff amended the first paragraph of its petition, and changed its ground of forfeiture by alleging that the defendant, since the 2nd day of August, 1910, and up to the filing of the amendment, had wholly ceased to furnish artificial gas to the city of Newport, its residents and consumers; and for amendment to the second paragraph of its petition, it alleged that the amount of money that the defendant had charged and received from consumers in excess of the amount of gas actually consumed, was more than $51, and that the number of consumers that the Light Company had so charged was more than 300.

The defendant moved to strike from the amended petition the allegation that it had, since August 2nd, 1910, and up to the filing of the amendment, wholly ceased to furnish artificial gas to the city of Newport, its residents and consumers, upon the ground that said amendment stated a new cause of action; but the court overruled the motion, whereupon the defendant demurred generally to each paragraph of the petition. It subsequently, however, withdrew its demurrer to the first paragraph, and the demurrer to the second paragraph of the petition was sustained.

As an answer to the first paragraph of the petition, the defendant Light Company relied upon a waiver of the city of Newport as shown by an ordinance enacted by its General Council on February 15th, 1910, providing for the letting, at public bidding, of the exclusive franchise of supplying natural gas to the city of Newport, and its inhabitants. Section 19 of said ordinance provided that natural gas might be furnished through all of any of the mains then used for the distribution of artificial gas, provided arrangements should be made therefor with the company owning the franchise to furnish artificial gas; and for the purpose of inducing said last named company to permit such use of its mains and pipes, and thereby prevent the disturbance of the streets of the city in laying other pipes and mains, either

in whole or in part, it further provided that the cessation to furnish artificial gas as long as natural gas was furnished through said mains and pipes, should not affect or cause a forfeiture or impairment of said exclusive franchise to furnish artificial gas at the rate mentioned in the franchise then existing for furnishing artificial gas.

The answer further shows that the Union Light, Heat & Power Company had obtained the franchise to furnish natural gas to the city of Newport and its inhabitants, and that the defendant, The Municipal Light Company, in accordance with the provisions of the ordinance last above referred to, entered into an agreement with the Union Light, Heat & Power Company by which the latter obtained the use of The Municipal Light Company's mains and pipes for the purpose of supplying natural gas to the city of Newport and its inhabitants. It was further alleged that since August 1, 1910, said Union Light, Heat & Power Company had furnished natural gas continuously to the city of Newport, and its inhabitants, and that whenever it should so cease or fail to furnish natural gas through said mains and pipes, the appellee would again supply artificial gas to the city and its inhabitants through said pipes and mains at the rate provided for in its franchise. The answer further alleged that defendant had, on August 1, 1910, under and in pursuance of said ordinance of February 15, 1910, and a contract between it and the Union Light, Heat & Power Company, ceased to furnish artificial gas under its franchise; and that by reason of the passage of the ordinance, and the action of the defendant thereunder, the appellant had expressly waived any forfeiture or impairment of the defendant's franchise to furnish artificial gas to the city of Newport. A demurrer to the answer was overruled; and the plaintiff having declined to plead further, the petition was dismissed. The plaintiff appeals.

The original charge of misuser was too general and vague in its terms to sustain a forfeiture. It merely alleged that appellee "has been furnishing artificial gas to persons and municipal corporations outside of the city of Newport ever since it acquired the franchise." The subsequent ordinance of February 15, 1910, however, was in effect a waiver of former infractions of the franchise in this respect, since it expressly recognized appellee's legal existence and right to continue business

by making the contract with the natural gas company. The circuit court correctly refused to adjudge a forfeiture for this alleged misuser, and in treating the nonuser of the franchise, consisting of its having ceased to furnish artificial gas to the city of Newport and its inhabitants as the only cause of forfeiture really open to discussion.

The demurrer to the second paragraph of the petition was sustained, upon the theory that the city of Newport could not sue on behalf of its citizens to recover money they had paid as overcharges for gas; and the petition containing the first paragraph charging the forfeiture was dismissed upon the ground that the appellant had waived the forfeiture by the ordinance of February 15, 1910, and appellee's action pursuant thereto.

A review of the judgment of the lower court, therefore, presents two further questions: (1) Did the city have a right to maintain this action on behalf of its inhabitants under the second paragraph of the petition; and (2) had the defendant forfeited its franchise by its having ceased to furnish artificial gas according to the requirements of its franchise and contracts?

1. Section 18 of the Civil Code of Practice provides as follows:

"Every action must be prosecuted in the name of the real party in interest, except as is provided in section 21."

Section 21, containing the exceptions, reads as follows:

"A personal representative, guardian, curator, committee of a person of unsound mind, trustee of an express trust, a person with whom or in whose name a contract is made for the benefit of another, a receiver appointed by a court, the assignee of a bankrupt, or a person expressly authorized by statute to do so, may bring an action without joining with him the person for whose benefit it is prosecuted."

The city of Newport has no interest whatever in the claims of gas consumers to recover overcharges for gas furnished them by appellee; that is a matter solely of interest to the individual gas consumer. It is apparent, therefore, that this action can not be maintained under section 18, supra. Appellant contends, however, that the action may be maintained under that clause of section 21, of the Code, which authorizes a suit by a person

with whom or in whose name a contract is made for the benefit of another. It is argued that since the contract was made with the city and for the benefit of the gas consumers, both or either may sue for its infraction. The contract was, however, made in the name of the city for its own benefit, and for the benefit of the gas consumers. Of course the city can sue for its own benefit, and the gas consumer may sue for his benefit, but neither can sue for the benefit of the other. The language of section 21, above quoted, when applied to the facts of this case, would authorize the gas consumer to sue upon the contract made for his benefit with the city, or in the name of the city, but it does not authorize the city to sue for the gas consumer. The circuit judge properly sustained the demurrer to the second paragraph of the petition.

2. Did the appellee forfeit its franchise to furnish artificial gas by leasing its mains and pipes to the Union Light, Heat & Power Company for the purpose of furnishing natural gas to the city of Newport, and its inhabitants, in place of artificial gas, which had theretofore been furnished by appellee? It is not contended that appellee has gone beyond the scope and authority of the ordinance of February 15, 1910, in leasing its pipes and mains to the natural gas company, or that said ordinance has been violated in any way. On the contrary, it is apparent from the record that appellee has kept itself entirely within the authority granted by that ordinance. It, therefore, needs no discussion to show that appellee has not forfeited its franchise, since the forfeiture was expressly waived by the terms of the ordinance of February 15, 1910. The mere statement of the facts is a sufficient answer to the claim of forfeiture.

Judgment affirmed.